TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
LAWRENCE E. KOLE (Cal. Bar No. 141582)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3594
    Facsimile: (714) 338-3564
    E-mail:   larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**F I L E D**
CLERK, U.S. DISTRICT COURT

4/12/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ cva _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>           v.<br><br>JEAN GUY MINN,<br><br>       Defendant. | Case No. 8:21-cr-00057-CJC<br><br>PLEA AGREEMENT FOR DEFENDANT JEAN GUY MINN |

    1.   This constitutes the plea agreement between Defendant Jean Guy Minn and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

**DEFENDANT'S OBLIGATIONS**

    2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with tax evasion, a violation of Title 26, United States Code, Section 7201.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.   At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $573,916.00, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution/fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, 11th Floor, Los Angeles, California 90012.

1          i.   Ability to pay shall be assessed based on the

2    Financial Disclosure Statement, referenced below, and all other

3    relevant information relating to ability to pay.

4          j.   Defendant agrees that any and all restitution/fine

5    obligations ordered by the Court will be due in full and immediately.

6    The government is not precluded from pursuing, in excess of any

7    payment schedule set by the Court, any and all available remedies by

8    which to satisfy defendant's payment of the full financial

9    obligation, including referral to the Treasury Offset Program.

10         k.   Complete the Financial Disclosure Statement on a form

11   provided by the USAO and, within 30 days of defendant's entry of a

12   guilty plea, deliver the signed and dated statement, along with all

13   of the documents requested therein, to the USAO by either email at

14   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

15   Litigation Section at 300 N. Los Angeles St., Suite 7516, Los

16   Angeles, CA 90012.

17         l.   Authorize the USAO to obtain a credit report upon

18   returning a signed copy of this plea agreement.

19         m.   Consent to the USAO inspecting and copying all of

20   defendant's financial documents and financial information held by the

21   United States Probation and Pretrial Services Office.

22   3.   Defendant admits that he received $2,365,427.05 of

23   unreported income for tax years 2010 through 2017.  Defendant agrees

24   that:

25         a.   Defendant will file, prior to the time of sentencing,

26   amended returns for the years subject to the above admissions

27   correctly reporting unreported income; will, if requested to do so by

28   the Internal Revenue Service ("IRS"), provide the IRS with

1  information regarding the years covered by the returns; will pay to

2  the Fiscal Clerk of the Court at or before sentencing all additional

3  taxes and all penalties and interest assessed by the IRS on the basis

4  of the returns; and will promptly pay to the Fiscal Clerk of the

5  Court all additional taxes and all penalties and interest thereafter

6  determined by the IRS to be owing as a result of any computational

7  error(s).  Payments may be made to the Clerk, United States District

8  Court, Fiscal Department, 255 East Temple Street, Room 1178, Los

9  Angeles, California 90012.

10        b.   Nothing in this agreement forecloses or limits the

11  ability of the IRS to examine and make adjustments to defendant's

12  returns after they are filed.

13        c.   Defendant will not, after filing the returns, file any

14  claim for refund of taxes, penalties, or interest for amounts

15  attributable to the returns filed in connection with this plea

16  agreement.

17        d.   Defendant is liable for the fraud penalty imposed by

18  the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements

19  of tax liability for tax years 2011 through 2017, and for the penalty

20  imposed by the Internal Revenue Code, 26 U.S.C. § 6651(f), for

21  failure to file a return for tax year 2010.

22        e.   Defendant gives up any and all objections that could

23  be asserted to the Examination Division of the IRS receiving

24  materials or information obtained during the criminal investigation

25  of this matter, including materials and information obtained through

26  grand jury subpoenas.

27        f.   Defendant will sign closing agreements with the IRS

28  contemporaneously with the signing of this plea agreement, permitting

the IRS to assess and collect the total sum of $573,916.00 ($39,971.00, $13,012.00, $17,112.00, $15,817.00, $72,705.00, $99,976.00, $164,998.00, and $150,325.00 for defendant's tax years 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017, respectively), which comprises the tax liabilities, as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

g.   Defendant agrees that, in order to resolve defendant's civil liability pursuant to 31 U.S.C. § 5321(a)(5)(C)(i)(II) for failing to report all foreign financial accounts on Reports of Foreign Bank and Financial Accounts, TD F 90-22.1 (now FinCEN Forms 114), and other foreign information reporting obligations under the United States law, for calendar years 2015 through 2018, defendant will pay a fifty percent penalty with respect to the funds held in his undeclared foreign financial accounts for the one year with the highest aggregate balance in all of the accounts for calendar years 2015 through 2018, and agrees to pay this sum prior to sentencing to the United States Treasury, through the United States Department of Justice, Tax Division.

**THE USAO'S OBLIGATIONS**

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3         d.    Recommend that defendant be sentenced to a term of

4  imprisonment equivalent to the low end of the Sentencing Guidelines

5  range that is four levels lower than that calculated by the Court,

6  provided that the offense level used by the Court to determine that

7  range is 17 or higher (i.e., to recommend that the Court make a four-

8  level downward variance from the calculations to which the parties

9  have stipulated in paragraph 12 below) and provided that the Court

10 does not depart downward in offense level or criminal history

11 category.  For purposes of this agreement, the low end of the

12 Sentencing Guidelines range is that defined by the Sentencing Table

13 in U.S.S.G. Chapter 5, Part A, without regard to reductions in the

14 term of imprisonment that may be permissible through the substitution

15 of community confinement or home detention as a result of the offense

16 level falling within Zone B or Zone C of the Sentencing Table.

17                        **NATURE OF THE OFFENSE**

18    5.    Defendant understands that for defendant to be guilty of

19 the crime charged in count one, that is, tax evasion in violation of

20 26 U.S.C. § 7201, the following must be true:  (1) defendant owed

21 more federal income tax for the calendar year 2016 than was declared

22 due on defendant's income tax return for that calendar year; (2)

23 defendant knew that more federal income tax was owed than was

24 declared due on defendant's income tax return; (3) defendant made an

25 affirmative attempt to evade or defeat such additional tax; and (4)

26 in attempting to evade or defeat such additional tax, defendant acted

27 willfully.

28 / / /

Acting "willfully" means that defendant knew that the law imposed a duty on him, and defendant intentionally and voluntarily violated that duty.

## PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7201 is:  five years' imprisonment; a three-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $100.

7.    Defendant agrees to make full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty any losses suffered by that victim as a result.  The parties currently believe that the applicable amount of restitution is approximately $573,916.00 to the government in regard to count one and relevant conduct related to the conduct in count one, but they recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant

conduct such as the failure to pay taxes owed for tax years 2010 to 2017; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable

8

and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## **FACTUAL BASIS**

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant is a citizen of the Republic of Korea and, at all times relevant to this plea agreement, was a legal permanent resident of the United States with a residence in California.  During all relevant times, defendant owned over 50% of the shares of the corporations Endeavor Capital Ltd. ("ECL") and Maxo Capital Advisors

Ltd. ("Maxo").

During the following calendar years, defendant had signature authority over accounts at the Royal Bank of Canada ("RBC") and ABN AMRO Bank ("ABN AMRO").  The RBC account was maintained in Hong Kong and the ABN AMRO account was maintained in Singapore.  These accounts were owned by defendant or by defendant, ECL, or Maxo, as stated below.  The following are the highest balances maintained in each of these accounts and the total income earned per calendar year:

| Year | Bank | Account # | Owner | Balance | Interest Income |
|------|------|-----------|-------|---------|-----------------|
| 2010 | RBC | XXXXXX1620 | Maxo | $5,609,798.94 | $210,867.62 |
| | ABN | XXX1614 | Defendant | | $1,409.71 |
| | ABN | XXX0359 | ECL | | $8,078.39 |
| 2011 | RBC | XXXXXX1620 | Maxo | $5,404,079.59 | $121,489.59 |
| | ABN | XXX1614 | Defendant | | $1,890.59 |
| | ABN | XXX0359 | ECL | | $4,543.19 |
| 2012 | RBC | XXXXXX1620 | Maxo | $5,855,455.72 | $136,023.92 |
| | ABN | XXX1614 | Defendant | | $1,716.17 |
| | ABN | XXX0359 | ECL | | $2,209.87 |
| 2013 | RBC | XXXXXX1620 | Maxo | $8,149,707.44 | $147,228.18 |
| | ABN | XXX1614 | Defendant | | $1,052.39 |
| | ABN | XXX0359 | ECL | | $5,696.48 |
| 2014 | RBC | XXXXXX1620 | Maxo | $8,493,811.98 | $301,705.07 |
| 2015 | RBC | XXXXXX1620 | Maxo | $17,886,510.34 | $374,547.24 |
| 2016 | RBC | XXXXXX1620 | Maxo | $18,382,593.51 | $552,454.18 |
| 2017 | RBC | XXXXXX1620 | Maxo | $18,307,281.63 | $494,514.46 |
| 2018 | RBC | XXXXXX1620 | Maxo | $18,467,488.00 | $489,515.01 |

For tax years 2011 through 2014, defendant subscribed to and authorized the electronic filing of IRS Form 1040A, Schedule Schedule B, Interest and Ordinary Dividends, as part of his individual income tax returns; for tax years 2015 through 2017, defendant subscribed to and authorized the electronic filing of IRS Form 1040, Schedule B, Interest and Ordinary Dividends, as part of his individual income tax returns.  These returns contained written declarations by defendant that they were being signed subject to the penalties of perjury.  Defendant did not file a return for tax year 2010.  Defendant did not report on those Schedule B's the interest income that he received from the foreign accounts described above totaling $2,365,427.05 in his filed tax returns for the tax years 2011 through 2017, nor did he report any interest income for tax year 2010.  In particular, in his tax return for the year 2016, which defendant subscribed to and electronically filed with IRS on or about February 1, 2017, defendant failed to report $552,454.18 in interest that he received during that year.

As a result of his underreporting of interest income, defendant had a deficiency in income taxes paid during the period 2010 to 2017 totaling $573,916.00.  In particular, in defendant's tax return for the year 2016, he had a deficiency of income tax paid of $162,369.00. Defendant transmitted his tax return for tax year 2016 from Aliso Viejo, California to the IRS for electronic filing of this return.

Defendant knew when he subscribed to and authorized the electronic filing of his 2016 federal income tax return that he owed more federal income tax than was declared due on his tax return as a result of his underreporting of his interest income.  Defendant also knew that he had a legal duty to report the income that he earned in

11

1    this account during 2016 on his 2016 federal income tax return.

2    Defendant did not report his interest income from this account on his

3    2016 federal income tax return in order to evade the additional tax

4    that would have been due on that income.

5                              **SENTENCING FACTORS**

6        12.  Defendant understands that in determining defendant's

7    sentence the Court is required to calculate the applicable Sentencing

8    Guidelines range and to consider that range, possible departures

9    under the Sentencing Guidelines, and the other sentencing factors set

10   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11   Sentencing Guidelines are advisory only, that defendant cannot have

12   any expectation of receiving a sentence within the calculated

13   Sentencing Guidelines range, and that after considering the

14   Sentencing Guidelines and the other § 3553(a) factors, the Court will

15   be free to exercise its discretion to impose any sentence it finds

16   appropriate up to the maximum set by statute for the crimes of

17   conviction.

18       Defendant and the USAO agree to the following applicable

19   Sentencing Guidelines factors:

20            Base Offense Level :  20    [U.S.S.G. §§ 2T1.1(a)(1);

21                                        2T4.1((H)]

22       Defendant and the USAO reserve the right to argue that

23   additional specific offense characteristics, adjustments, and

24   departures under the Sentencing Guidelines are appropriate.

25       13.  Defendant understands that there is no agreement as to

26   defendant's criminal history or criminal history category.

27       14.  Defendant reserves the right to argue for a sentence

28   outside the sentencing range established by the Sentencing Guidelines

1  based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2),

2  (a)(3), (a)(6), and (a)(7).

3  ### WAIVER OF CONSTITUTIONAL RIGHTS

4     15.  Defendant understands that by pleading guilty, defendant

5  gives up the following rights:

6       a.  The right to persist in a plea of not guilty.

7       b.  The right to a speedy and public trial by jury.

8       c.  The right to be represented by counsel – and if

9  necessary have the court appoint counsel – at trial.  Defendant

10 understands, however, that, defendant retains the right to be

11 represented by counsel – and if necessary have the court appoint

12 counsel – at every other stage of the proceeding.

13      d.  The right to be presumed innocent and to have the

14 burden of proof placed on the government to prove defendant guilty

15 beyond a reasonable doubt.

16      e.  The right to confront and cross-examine witnesses

17 against defendant.

18      f.  The right to testify and to present evidence in

19 opposition to the charges, including the right to compel the

20 attendance of witnesses to testify.

21      g.  The right not to be compelled to testify, and, if

22 defendant chose not to testify or present evidence, to have that

23 choice not be used against defendant.

24      h.  Any and all rights to pursue any affirmative defenses,

25 Fourth Amendment or Fifth Amendment claims, and other pretrial

26 motions that have been filed or could be filed.

27 / / /

28 / / /

1

## WAIVER OF APPEAL OF CONVICTION

2   16.   Defendant understands that, with the exception of an appeal

3   based on a claim that defendant's guilty plea was involuntary, by

4   pleading guilty defendant is waiving and giving up any right to

5   appeal defendant's conviction on the offense to which defendant is

6   pleading guilty.  Defendant understands that this waiver includes,

7   but is not limited to, arguments that the statute to which defendant

8   is pleading guilty is unconstitutional, and any and all claims that

9   the statement of facts provided herein is insufficient to support

10  defendant's plea of guilty.

11

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12   17.   Defendant agrees that, provided the Court imposes a term of

13  imprisonment within or below the range corresponding to an offense

14  level of 13 and the criminal history category calculated by the

15  Court, defendant gives up the right to appeal all of the following:

16  (a) the procedures and calculations used to determine and impose any

17  portion of the sentence; (b) the term of imprisonment imposed by the

18  Court, except to the extent it depends on the Court's calculation of

19  defendant's criminal history category; (c) the fine imposed by the

20  court, provided it is within the statutory maximum; (d) to the extent

21  permitted by law, the constitutionality or legality of defendant's

22  sentence, provided it is within the statutory maximum; (e) the amount

23  and terms of any restitution order, provided it requires payment of

24  no more than $573,916.00; (f) the term of probation or supervised

25  release imposed by the Court, provided it is within the statutory

26  maximum; and (g) any of the following conditions of probation or

27  supervised release imposed by the Court: the conditions set forth in

28  Amended General Order 20-04 of this Court; the drug testing

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 13 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $573,916.00.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

**COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES**

22.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed

1    as inconsistent with the facts agreed to in this agreement, this

2    paragraph does not affect defendant's and the USAO's obligations not

3    to contest the facts agreed to in this agreement.

4         24.  Defendant understands that even if the Court ignores any

5    sentencing recommendation, finds facts or reaches conclusions

6    different from those agreed to, and/or imposes any sentence up to the

7    maximum established by statute, defendant cannot, for that reason,

8    withdraw defendant's guilty plea, and defendant will remain bound to

9    fulfill all defendant's obligations under this agreement.  Defendant

10   understands that no one -- not the prosecutor, defendant's attorney,

11   or the Court -- can make a binding prediction or promise regarding

12   the sentence defendant will receive, except that it will be within

13   the statutory maximum.

14        25.  Defendant understands that the Court and the United States

15   Probation Office are not parties to this agreement and need not

16   accept any of the USAO's sentencing recommendations or the parties'

17   agreements to facts or sentencing factors.

18        26.  Defendant understands that both defendant and the USAO are

19   free to: (a) supplement the facts by supplying relevant information

20   to the United States Probation Office and the Court, (b) correct any

21   and all factual misstatements relating to the Court's Sentencing

22   Guidelines calculations and determination of sentence, and (c) argue

23   on appeal and collateral review that the Court's Sentencing

24   Guidelines calculations and the sentence it chooses to impose are not

25   error, although each party agrees to maintain its view that the

26   calculations in paragraph 12 are consistent with the facts of this

27   case.  While this paragraph permits both the USAO and defendant to

28   submit full and complete factual information to the United States

17

Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

**<u>NO ADDITIONAL AGREEMENTS</u>**

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


        /S/                                          April 5, 2021
_____          _____
LAWRENCE E. KOLE                                  Date
Assistant United States Attorney




_____          _____
JEAN GUY MINN                                     Date
Defendant




_____          _____
IGOR DRABKIN                                      Date
Counsel for Defendant
Jean Guy Minn

### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


_____          _____
LAWRENCE E. KOLE                               Date
Assistant United States Attorney


_____          4/2/2021
JEAN GUY MYNN                                  Date
Defendant


_____          04/02/2021
IGOR DRABKIN                                   Date

Counsel for Defendant
Jean Guy Minn

### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

19

Scanned with CamScanner

1  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
2  of relevant Sentencing Guidelines provisions, and of the consequences
3  of entering into this agreement.  No promises, inducements, or
4  representations of any kind have been made to me other than those
5  contained in this agreement.  No one has threatened or forced me in
6  any way to enter into this agreement.  I am satisfied with the
7  representation of my attorney in this matter, and I am pleading
8  guilty because I am guilty of the charge and wish to take advantage
9  of the promises set forth in this agreement, and not for any other
10 reason.

11
12
13
14  JEAN GUY MINN                                    Date  4/2/2021
15  Defendant

16            CERTIFICATION OF DEFENDANT'S ATTORNEY

17      I am Jean Guy Minn's attorney.  I have carefully and thoroughly
18 discussed every part of this agreement with my client.  Further, I
19 have fully advised my client of his rights, of possible pretrial
20 motions that might be filed, of possible defenses that might be
21 asserted either prior to or at trial, of the sentencing factors set
22 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
23 provisions, and of the consequences of entering into this agreement.
24 To my knowledge: no promises, inducements, or representations of any
25 kind have been made to my client other than those contained in this
26 agreement; no one has threatened or forced my client in any way to
27 enter into this agreement; my client's decision to enter into this
28 agreement is an informed and voluntary one; and the factual basis set

                                20

Scanned with CamScanner

1   forth in this agreement is sufficient to support my client's entry of

2   a guilty plea pursuant to this agreement.

3

4

5   _____          04/02/2021
                                              _____
    IGOR DRABKIN                              Date

6

7   Counsel for Defendant
    Jean Guy Minn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28