TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
LAWRENCE E. KOLE (Cal. Bar No. 141582)
Assistant United States Attorney
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3594
     Facsimile: (714) 338-3564
     E-mail:    larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>JEAN GUY MINN,<br><br>　　　　Defendant. | Case No. SA CR 21-57-CJC<br><br>POSITION OF GOVERNMENT WITH RESPECT TO THE PRESENTENCE REPORT AND SENTENCING POSITION [F.R.Cr.P. 32]<br><br>Sentencing Date: September 13, 2021<br>Time:  11:00 a.m.<br>Place: Courtroom of the Honorable Cormac J. Carney |

　　　Plaintiff United States of America hereby submits its Position with Respect to Sentencing and Sentencing Position for defendant Jean Guy Minn.

　　　**A.　INTRODUCTION**

　　　Defendant pled guilty to the one-count information in this case on May 24, 2021.  On August 9, 2021, the United States Probation Office ("USPO") disclosed its Presentence Report ("PSR").

　　　**B.　POSITION RE SENTENCING FACTORS**

　　　As correctly stated in the PSR, and provided in the parties' plea agreement, the United States recommends that defendant's total

adjusted offense level should be adjusted downward three levels for timely acceptance of responsibility. The government concurs with the offense level calculations and the criminal history category calculated in the PSR by the USPO under the Sentencing Guidelines.

The amount of underpaid tax stated in PSR ¶¶ 11-12 is incorrect. The USPO used an earlier set of figures for these paragraphs rather than the amounts stated by the parties in their plea agreement at ¶¶ 3(f) and 11. The data in the plea agreement was based on amended tax returns prepared by the defense, is correct, and results in a total amount of tax underpaid for the tax years 2010-2017 of $573,916.00. Therefore, restitution should be ordered in that amount, rather than the amount recommended by the USPO ($595,775). PSR ¶¶ 13, 82; USPO letter at 1.

C.   **POSITION RE SENTENCING**

As noted above, the correct amount of restitution that should be included in the sentence is $573,916.00.

As provided in the plea agreement, the United States recommends that the court impose a low-end sentence, which is generally consistent with the recommendation of the USPO. In addition, both the USPO and the United States recommend that the court make a downward variance equivalent to four offense levels pursuant to Booker. USPO letter at 2, 5. The government concurs with the USPO that the Guidelines range fully reflects the aggravating factors. Id. at 4.

A low-end sentence and the recommended downward variance are appropriate based on the mitigating factors cited by the USPO regarding defendant's personal history and current condition, such as his employment record, family ties and responsibilities. Id. at 5;

PSR ¶ 86.  In addition, such a sentence is supported by additional mitigating circumstances related to defendant's conduct in regard to the pre-indictment resolution of this matter, which go beyond those recognized by the Guidelines adjustment for timely acceptance of responsibility in a typical post-indictment plea agreement.

Prior to being charged, defendant participated in a voluntary interview with the government in which he admitted the conduct that is the subject of this case and provided important information that resolved outstanding issues, inculpated himself, and allowed the government significant savings of investigative resources.  His admissions included not only the unreported income and unpaid tax, which is the subject of this case, but also related to awareness of and failure to comply with foreign bank account reporting ("FBAR") requirements.

After defendant then retained counsel, the defense immediately agreed to meet with the government, entered plea negotiations, and then waived indictment.  The defense further assisted the government by providing records of defendant's foreign bank accounts beyond that which the government already possessed, further saving resources and providing more inculpatory information.  During this process, the defense has fully and forthrightly admitted the full extent of defendant's conduct.

Defendant then signed a plea agreement and promptly entered his guilty plea.  Defendant's conduct allowed the government to avoid the need to present the case to the grand jury and to conduct the discovery and litigation necessary in an indicted case.  In the plea agreement, defendant did not merely agree to plead guilty to this criminal offense, he also agreed both to resolve his civil liability

to the IRS and pay required IRS penalties and to pay a very significant FBAR penalty.

Defendant's conduct went well beyond that required for a defendant to be entitled to the third-level adjustment by accepting responsibility soon enough to avoid final trial preparation and helped the government to conserve resources to a greater extent than such a defendant.  In addition, defendant is subject to possible additional negative collateral consequences due to his immigration status as a legal permanent resident.  For all of these reasons and those cited by the USPO, the government concurs with the USPO and recommends that the court make a four-level downward variance.

Dated: August 18, 2021.                Respectfully submitted,

                                                 TRACY L. WILKISON
                                                 Acting United States Attorney

                                               BENJAMIN R. BARRON
                                               Assistant United States Attorney
                                               Chief, Santa Ana Branch Office

                                                          /S/
                                               LAWRENCE E. KOLE
                                               Assistant United States Attorney

                                               Attorneys for Plaintiff
                                               UNITED STATES OF AMERICA